**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ANGEL HERNANDEZ,

Petitioner,

v.

DAVE LINDEMAN and IMMIGRATION & NATURALIZATION SERVICE,

Respondents.

Civil No. 00-1165 (JRT/FLN)

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Angel Hernandez, No. 07233-031, Federal Medical Center, Box 4000, Rochester, MN 55903, *pro se*.

Friedrich A.P. Siekert, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondents.

Petitioner Angel Hernandez ("Hernandez") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is now before the Court on Hernandez's objections to the Report and Recommendation of United States Magistrate Judge Franklin L. Noel, dated June 2, 2000.[1] The Court has conducted a *de novo* review

---

[1] Also before the Court is Hernandez's Motion to Strike the Response to his Objections. Hernandez claims that there is no rule authorizing such a response by the government. Hernandez is incorrect. The Response is specifically authorized by the Local Rules of this Court, which provide that a "party may respond to the objecting party's brief within 10 days after being served with it." D. Minn. LR 72.1(c)(2). The Court will therefore deny Hernandez's Motion to Strike.

SEP 2 5 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. 2002
DEPUTY CLERK

of Hernandez's objections pursuant to 28 U.S.C. § 636 (b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court adopts the Report and Recommendation of the Magistrate Judge and summarily dismisses Hernandez's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[2]

## BACKGROUND

Hernandez is a Mexican national who is serving a sentence at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). When an alien is serving a prison term for a deportable offense, federal law requires the Attorney General, acting through the Immigration and Naturalization Service ("INS"), to prepare to take custody of the alien after he or she is released from prison. *See* 8 U.S.C. § 1226(c).[3] The INS fulfills this responsibility by issuing a "detainer," which informs the federal Bureau of Prisons ("BOP") that the alien is eligible for deportation, and requests the BOP's cooperation in

[2] Rule 4 provides that if a habeas corpus petition and its exhibits show on their face that a petitioner is not entitled to relief, the district court may summarily dismiss the petition. Although this rule directly applies to petitions of state prisoners pursuant to 28 U.S.C. § 2254, they may also be applied to other habeas corpus cases. R. Gov. § 2254 Cases 1(b). *Bostic v. Carlson,* 884 F.2d 1267, 1270 n.1 (9th Cir. 1988); *Rothstein v. Pavlick,* 1990 WL 171789 at *3 (N.D. Ill. Nov. 1, 1990) (stating that a federal court "is empowered, in dealing with any Section 2241 petition, to apply the procedures specified" in the § 2254 Rules).

[3] Several courts have recently held this statute unconstitutional as violating due process. *See Welch v. Ashcroft*, 293 F.3d 213 (4th Cir. 2002); *Hoang v. Comfort*, 282 F.3d 1247 (10th Cir. 2002); *Kim v. Ziglar*, 276 F.3d 523 (9th Cir. 2002); *Patel v. Zemski*, 275 F.3d 299 (3d Cir. 2001). *But see Parra v. Perryman*, 172 F.3d 954 (7th Cir. 1999) (holding that the statute does not violate either substantive or procedural due process). Hernandez does not raise the constitutionality of § 1226(c) in his habeas petition. Moreover, Hernandez is not in INS custody, and that agency has not yet exercised its authority to take him into custody under the statute. Therefore, even if Hernandez had raised such a challenge in his petition, it would not be ripe in this case.

ensuring that the INS can take the alien into custody when he or she is released. *See* 8 C.F.R. § 287.7(a).

The INS sent a detainer regarding Hernandez to FMC-Rochester on November 29, 1999. The detainer provides that an "[i]nvestigation has been initiated to determine whether [Hernandez] is subject to removal from the United States." (Attachment to Pet. Mem. Supporting § 2241 Petition.) The detainer asks the BOP to notify the INS in advance of Hernandez's release, and to notify it in the event of Hernandez's death or transfer to another facility. (*Id.*) The detainer also specifically provides that it "is for notification purposes only and does not limit [the BOP's] discretion in any decision affecting [Hernandez's] classification, work and quarters assignments, or other treatment which he . . . would otherwise receive." (*Id.*) The detainer does not require that Hernandez be detained or otherwise held in custody by the INS.

**ANALYSIS**

The Magistrate Judge determined that Hernandez's petition was improper because it was addressed to the INS, and not to the agency that has custody over him, the BOP. The Magistrate Judge also determined that Hernandez's due process claim is without merit because he identified no liberty interest of which he is being denied. Finally, the Magistrate Judge found that Hernandez has no right to an expedited determination of deportability under the Sixth Amendment or the Interstate Agreement on Detainers. Hernandez objects to all of these findings.

**I. INS as Custodian**

The Court first addresses Hernandez's claim that his habeas petition was properly aimed at the Bureau of Prisons. A federal court cannot grant a writ of habeas corpus if the petitioner is not in custody of the authority against whom relief is sought. *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988). In this case, Hernandez is in custody of the BOP. However, his petition does not seek any relief from that agency. Rather, as the Magistrate Judge noted, it seeks relief from the INS. Hernandez argues that the INS detainer grants that agency some measure of custody over him. The law on this point is well-established, however, and it does not favor Hernandez.

The Eighth Circuit's holding in *Campillo* directly applies here. As in that case, the detainer here "does not purport to affect [Hernandez's] status as a federal offender, but merely notifies prison officials" that the INS will make a decision regarding his deportation at some future date. *Id.* Hernandez "may not challenge the detainer by way of habeas corpus until he is placed in the custody of the INS, an event which will not occur until he is released" from his present sentence. *Id.* Indeed, the law is clear that the "filing of an INS detainer, standing alone, does not cause a sentenced offender to come within the custody of the INS for purposes of a petition for a writ of habeas corpus." *Id.*

Hernandez argues further that even if he is not physically in INS custody, the detainer places him in "technical custody" of that agency. This argument is also foreclosed by *Campillo*. The petitioner in that case made the same argument that Hernandez makes here, and the Eighth Circuit held that the filing of a detainer does not amount "to the taking into custody, technical or otherwise, of the petitioner." *Id.* at 596;

*Mohammed v. Sullivan*, 866 F.2d 258, 260 (8th Cir. 1989) ("[T]he filing of an INS detainer . . . does not constitute the requisite 'technical custody' for purposes of habeas jurisdiction.") Therefore, the Court determines that Hernandez's petition must be denied because he is not in custody of the party against whom he seeks relief.

## II. Applicability of IAD and Speedy Trial Rights

Next, Hernandez argues that the INS detainer is "functionally a complaint," and therefore gives him rights to a speedy trial under the Sixth Amendment and the Interstate Agreement on Detainers ("IAD"), 18 U.S.C. App. 2. The Magistrate Judge determined that petitioner had no such rights, and the Court agrees.

Hernandez has provided no legal authority to support his assertion that the INS detainer functions as a criminal complaint. Contrary to Hernandez's assertions, the detainer did not "specifically [request his] detention and surrender." (Obj. at 3.) The detainer did no more than notify prison authorities that an investigation had been initiated, and asked the BOP to cooperate by keeping the INS up to date on Hernandez's custody status. This mere notification did not "initiate[] a legal action to determine [Hernandez's] deportability." (*Id.*) Even if the detainer did initiate deportation proceedings, however, it would still not function as a complaint. This is because "deportation proceedings are civil in nature, and failure to provide a speedy hearing on a deportation charge does not implicate Sixth Amendment rights; therefore, [Hernandez] has no remedy" under the IAD. *Prieto v. Gluch*, 913 F.2d 1159, 1161 (6th Cir. 1990) (citation omitted). *See Gonzalez v. INS*, 867 F.2d 1108, 1109 (8th Cir. 1989) (holding that

alien federal inmate has no right to an expedited deportation hearing). Hernandez's objection on this ground will therefore be overruled.

## III. Liberty Interest and Early Release

Finally, Hernandez objects to the Magistrate Judge's determination that he did not state a due process claim because he identified no liberty interest that was being deprived.[4] Hernandez now identifies that liberty interest, claiming that the INS detainer prevents his participation in the BOP's Residential Drug Abuse Program ("RDAP"), which, if successfully completed, would entitle him to early release under 18 U.S.C. § 3621(e).

As an initial matter, the Court finds that this claim is procedurally barred because Hernandez did not exhaust his administrative remedies within the prison system. (*See* Christenson Dec. ¶¶ 6-7.) Because habeas corpus is an "extraordinary remedy," the writ is only available after a federal prisoner has exhausted available administrative remedies within the correctional system. *Willis v. Ciccone*, 506 F.2d 1011, 1014-15 (8th Cir. 1974) (stating that habeas corpus "should not be resorted to until other more conventional remedies have failed"). Because Hernandez has not done so, this Court cannot consider his claim that he was unfairly denied early release. Even if Hernandez had exhausted his

---

[4] Hernandez also claims, for the first time, that he is being deprived of equal protection of law in violation of the Fifth Amendment. Hernandez may not raise brand new claims for relief in his objections to the Report and Recommendation. Therefore, the Court will not address this allegation. It is worth noting, however, that similar claims have been rejected. *See, e.g.*, *McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999) (holding that excluding prisoners with detainers from participating in community treatment programs does not violate the Equal Protection Clause).

administrative remedies, however, he could still not prevail on his due process claims, because § 3621(e) does not create a liberty interest cognizable under the Due Process Clause.

A "liberty interest" is freedom from any restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In order to prove that such an interest is being deprived, Hernandez must show that the deprivation "**inevitably** affect[s] the duration of his sentence." *Id.* at 487 (emphasis added); *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996). It is well-settled, however, that § 3621(e) creates no such "mandatory scheme." *Moorman*, 83 F.2d at 973. The statute provides that the "period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a [substance abuse] treatment program **may** be reduced by the Bureau of Prisons . . . ." 18 U.S.C. § 3621(e)(2)(B) (emphasis added). Thus, even if an inmate completes the RDAP, the BOP is not required to grant him early release. *See Lopez v. Davis*, 531 U.S. 230, 239-41 (2001) (noting as significant Congress's use of "may" rather than "shall" in § 3621(e)). The BOP may exclude inmates from early release categorically or on a case-by-case basis. *Id.*

The BOP has decided that inmates subject to INS detainers are not eligible for early release under § 3621(e). *See* 28 C.F.R. § 550.58; 61 Fed. Reg. 25121. This type of security or custody classification is well within the BOP's discretion. *Mohammed*, 866 F.2d at 260; *McLean v. Crabtree*, 173 F.3d 1176, 1184 (9th Cir. 1999). Moreover, because Hernandez's present confinement does not "in any sense" derive from the INS

detainer, the detainer "imposes no significant [or] current limitation" upon Hernandez's freedom. *Campillo*, 853 F.2d at 595 n.2. *See Moody v. Doggett*, 429 U.S. 78, 86-87 (1976). *See also Sesler v. Pitzer*, 926 F. Supp. 130, 133 (D. Minn. 1996) (holding that "it is obvious" that § 3621 does not create a liberty interest). Therefore, because Hernandez possesses no liberty interest in his participation in the early release program under § 3621(e), the Court overrules his objection in this regard.

For the reasons stated above, the Court finds that the Magistrate Judge correctly recommended that Hernandez's petition be summarily dismissed.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objection [Docket No. 13] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 3]. Accordingly, **IT IS HEREBY ORDERED** that petitioner's Petition for a Writ of Habeas Corpus [Docket No. 1] is **SUMMARILY DISMISSED**.

**IT IS FURTHER ORDERED THAT** petitioner's Motion to Strike Respondent's Response to Petitioner's Objections [Docket No. 16] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: Sept. 24, 2002
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.